Scott Oborne, OSB #062333
obornes@jacksonlewis.com
Kevin Coles, OSB #170926
kevin.coles@jacksonlewis.com
JACKSON LEWIS P.C.
200 SW Market St., Ste. 540
Portland, Oregon 97201
Telephone: (503) 229-0404
Facsimile: (503) 229-0405
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| GENOA HEALTHCARE, LLC, a foreign limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DANE FICKES, individually, and EDEN HEALTHCARE, LLC, a domestic limited liability company,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**(Breach of Contract, Breach of Loyalty, Tortious Interference with Contract, Defend Trade Secrets Act,<br>18 U.S.C. § 1832, *et seq.*)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Genoa Healthcare, LLC ("Genoa" or "Plaintiff"), by its attorneys, Jackson Lewis P.C., brings this Complaint against Defendants Dane Fickes ("Fickes") and Eden Healthcare, LLC ("Eden"), (collectively, "Defendants"), and alleges as follows:

Page 1 – COMPLAINT

## NATURE OF THIS ACTION

1.

Genoa is an affiliate of UnitedHealth Group Incorporated ("UnitedHealth") and the largest provider of behavioral health and other complex, chronic health conditions in the United States. Genoa is dedicated to serving the needs of those who have complex, chronic health conditions. Genoa serves nearly one million individuals annually and operates pharmacies across the United States, including one in Medford, Oregon.

2.

Genoa brings this action against its former Medford pharmacy Site Manager, Dane Fickes, and Eden, the company Fickes formed to operate a competing pharmacy, for 1) breaching of Fickes' Proprietary Interest Protection Agreement with Genoa and its affiliates (the "PIPA"); 2) breaching of Fickes' duty of loyalty to Genoa; 3) tortious interference with Genoa's business relationships; and 4) violating the Defend Trade Secrets Act of 2016 ("DTSA"), 18 U.S.C. § 1832, *et seq.*

3.

As part of his PIPA, Fickes promised to keep confidential Genoa's and its affiliates' confidential, proprietary, and trade secret information, and that he would not compete with Genoa, solicit business from Genoa providers or customers, or solicit, employ, or recruit any Genoa employees.

4.

As Genoa's Site Manager, Fickes managed Genoa's pharmacy and had intimate knowledge of Genoa's pharmacy operations, including, but not limited to, its product and marketing plans, business strategies and plans, financial and pricing information, customer, supplier, and provider lists and information.

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

5.

While Fickes was still employed by Genoa, he formed Eden, hired one of Genoa's per diem pharmacists, and, upon information and belief, improperly and unlawfully accessed and used Genoa's confidential customer information to induce more than twenty Genoa prescription drug customers to transfer their business to Eden.

6.

Between July 27, 2021 and August 16, 2021, Fickes and Eden transferred no fewer than 134 prescriptions away from the Genoa pharmacy to Eden, causing direct and continuing harm to Genoa's revenue, customer relationships and business interests.

7.

Therefore, Genoa seeks to recover damages, costs and attorneys' fees from Defendants as set forth more fully below.

## PARTIES, JURISDICTION AND VENUE

8.

Genoa is a Pennsylvania limited liability company registered and authorized to conduct business in the State of Oregon. Genoa operates a pharmacy located in Medford, Oregon, and has developed a broad customer base in and around Jackson County, Oregon.

9.

Defendant Fickes is the founder of Eden and was formerly employed by Plaintiff as a site manager at Genoa's pharmacy in Medford, Oregon.

10.

Defendant Eden is an Oregon limited liability company with an office at 843 East Main Street, Suite 204 in Medford, Oregon. Eden was formed by Fickes in or around December 2020.

///

///

11.

This Court has subject matter jurisdiction over this matter based on diversity of citizenship pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.

This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Plaintiff as asserted a claim under the federal Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq.*

13.

This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as its federal claim.

14.

This Court has personal jurisdiction over Defendants because Defendants have conducted business and have substantial contacts in the District of Oregon.

15.

Venue is proper in this Court under 28 U.S.C. § 1391(a) because Defendants reside in this district and the events or omissions giving rise to the claims against Defendants occurred and continue to occur in this District.

**GENERAL FACTUAL ALLEGATIONS**

16.

In or around October 2018, Genoa was acquired by UnitedHealth. Genoa's operations were subsequently combined with UnitedHealth's pharmacy services division, Optum. Genoa operates a pharmacy in Medford, Oregon (the "Genoa Pharmacy") and occupies leased space at the Options for Southern Oregon-Medford health clinic ("Options"). Genoa and Options are not

otherwise formally affiliated. Most, but not all, of the Genoa Pharmacy's customers are also Options patients.

17.

Genoa depends on its network of relationship and goodwill. Genoa's reputation, course of dealing, and history with providers and customers has led to a high level of trust and confidence, and its goodwill with providers and customers is valued highly.

18.

Given the technical and relationship-driven nature of Genoa's business, Genoa places a high priority on ensuring the protection of its confidential, proprietary, and trade secret information. Genoa requires its employees to enter into non-disclosure and non-competition agreements, like the PIPA signed by Fickes,

19.

Genoa has expended substantial amounts of time, money and effort to develop its trade secrets and/or valuable confidential business information, and it derives independent economic value from this information not being generally known or readily ascertainable by proper means by others who can obtain economic value from its disclosure or use. This information is valuable to Genoa and it would be valuable to a competitor because it would enable the competitor to unfairly compete without having to spend the time and money to acquire such information independently through legitimate means, resulting in extreme harm to Genoa.

20.

In or around July 2019, Defendant Fickes was hired by Plaintiff as a Pharmacy Site Manager at the Genoa Pharmacy. In his role as Site Manager, Fickes' major job duties and responsibilities included providing customer service to patients, filling new prescriptions and refills, ordering medication, communicating with doctors' offices for proper prescription and insurance information, promoting and increasing sales, hiring, coaching, and terminating

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

employees, supervising and coordinating activities of pharmacy technicians and other employees. Fickes was also responsible for signing all documentation required as Pharmacy Manager/Pharmacist of Record, including prescription orders and transfers. To perform his responsibilities, Fickes was necessarily provided access to Genoa's and its affiliates' confidential prescription-drug customer lists, contact information and Protected Health Information ("PHI"), which, as a covered entity, Genoa and its employees had a legal duty to protect.

21.

On or about July 19, 2019, as a condition of his employment with Plaintiff at the Genoa Pharmacy, Fickes executed the PIPA, a true and correct copy of which is attached hereto as **Exhibit A**. The PIPA's stated purpose "is to protect UnitedHealth Group's knowledge, expertise, customer relationships and Confidential Information (defined below)." The PIPA's stated consideration includes "Employee's [Fickes] employment or promotion, as applicable" and "UnitedHealth Group's agreement to give Employee [Fickes] access to Confidential Information."

22.

Zach Aalberg ("Aalberg") was an individual employed by Plaintiff in a per diem role as a Pro Re Nata or PRN Pharmacist at the Genoa Pharmacy. In this role, Aalberg's major duties and responsibilities included customer service, distributing drugs prescribed by physicians, providing information to customers about medications, logging data into computer, ensuring compliance with all relevant State Board of Pharmacy laws, and other usual and customary pharmacy duties. Aalberg was necessarily provided access to Genoa's and its affiliates' confidential prescription-drug customer lists and contact information, as well as customers' PHI.

///

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

23.

In December 2020, while both Fickes and Aalberg were still employed by Plaintiff, Fickes, as the named registered agent, filed articles of organization with Oregon's Secretary of State and formed a new limited liability company named Eden Healthcare LLC. Aalberg became Eden's Pharmacist in Charge, while at the same time maintaining his per diem role at Genoa.

24.

Eden's pharmacy services, business model and intended customer base all closely resemble those of Plaintiff's and Genoa's. Eden markets itself on The Chamber of Medford & Jackson County website (available at https://web.medfordchamber.com/Pharmacies/Eden-Healthcare-6603) with the following description:

> The business of pharmacy is desperately in need of a change. The differentiating factor in our model is partnering directly with a clinic to provide the patient a streamlined experience. Providers and medical staff have stated that communication is one of the greatest areas of opportunity that pharmacists could improve to make the healthcare system better. The core of this model is direct communication and relationships with providers and patients. The value-added benefit of integrating a clinical pharmacist onto the care team will not only save providers time and headache, but also improve patient care by having an easily accessible medication expert who can solve difficult insurance issues. Opportunity: Reaching patients directly at their doctor's office, offering comprehensive medication management services paired with monthly mailing/delivery of prescriptions. This pharmacist will be the patient's point of contact and one-stop-shop for all their medication needs. Doctor's offices and medical clinics will benefit from the value-added services that the pharmacist will provide free of charge.

25.

On or about August 13, 2021, Fickes gave Plaintiff notice of his intent to step down from his full-time site manager role at the Genoa Pharmacy and requested to remain employed by Plaintiff in a per diem role. Plaintiff remained employed with Plaintiff until his termination on

September 13, 2021. Fickes remains bound by the PIPA, the confidentiality agreement and restrictive covenants therein as set forth more fully below.

26.

On or around the following Monday, August 16, 2021, Plaintiff's new site manager discovered that prescriptions were suddenly flowing from Genoa to Eden at an alarming clip. Most of the transfers were made by and between Fickes and Aalberg. Between July 27 and August 16, 2021, no fewer than 134 prescriptions had been transferred away from the Genoa Pharmacy to Eden, a figure representing nearly 50 percent of all the Genoa Pharmacy's prescription volume from non-Options clinic patients. The prescriptions were associated with more than twenty different individual prescription-drug customers. On information and belief, Fickes was the de facto recipient of these transferred prescriptions by virtue of his ownership of Eden.

27.

On information and belief, Defendants could not possibly have transferred such a large volume of prescriptions away from the Genoa Pharmacy without improperly and unlawfully accessing and using Genoa's and its affiliates' confidential customer information. On information and belief, Fickes and/or Aalberg working at Fickes' direction, unlawfully abused their access to Genoa's and its affiliates' confidential customer prescription and contact information for Fickes and Eden's financial benefit.

28.

Plaintiff's continuing losses from Defendants' improper and unlawful conduct exceed the mere lost monthly revenue from current patient prescriptions, but also include lost revenues from future prescriptions of the transferred patients, their family members and others to whom they might have referred Genoa's services. Plaintiff's recoverable damages are reasonably expected

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

to exceed $100,000, not including costs and attorney fees provided for under the terms of Fickes' PIPA.

## FIRST CLAIM FOR RELIEF

### (Against Defendant Fickes)

29.

Plaintiff incorporates by reference paragraphs 1 through 28 of the Complaint as though fully set forth at length by this reference.

30.

Fickes entered into the PIPA with United HealthCare Services, Inc.

31.

As an affiliate of United HealthCare Services, Inc., Genoa is an intended third-party beneficiary of the PIPA. The PIPA defines United Healthcare Services, Inc. together with its affiliates as "UnitedHealth Group" and "UnitedHealth Group" is referenced throughout the restrictive covenants of the PIPA, indicating that the PIPA specifically benefited Genoa as an affiliate.

32.

The PIPA is a valid and enforceable contract, which imposes reasonable restrictions, for which Fickes received good and valuable consideration including, but not limited to, employment with Genoa, substantial compensation, and access to and use of Genoa's and its affiliates' confidential information during his employment.

///

///

///

///

### (Count 1: Breach of Confidentiality Agreement)

33.

The PIPA provides, in paragraph 2:

**Confidential Information**

UnitedHealth Group will give Employee access to confidential, proprietary and trade secret information belonging to UnitedHealth Group ("Confidential Information"). Confidential Information includes, by way of example: inventions; product and marketing plans; business strategies and plans; merger and acquisition targets; financial and pricing information; computer programs, models, databases and source codes; analytical models; and customer, supplier and vendor lists and information. Employee understands that Confidential Information includes not only information contained in written or digitized form, but also information that Employee may commit to memory.

Employee agrees to keep confidential all Confidential Information, so long as such information is not generally available to the public, both during and after Employee's employment with UnitedHealth Group. Employee agrees not to disclose or use Confidential Information, either during or after Employee's employment, except as necessary for the performance of Employee's duties for UnitedHealth Group or as consented to in writing by UnitedHealth Group.

34.

In addition, Fickes' PIPA provides, in Paragraph 5:

**Previous and Future Employers**

Employee agrees not to disclose to UnitedHealth Group, or use in Employee's employment with UnitedHealth Group, any confidential information and/or trade secrets belonging to others, including prior employers. Employee agrees that Employee is not subject to any restrictive covenants and/or obligations that would prevent Employee from performing Employee's duties with UnitedHealth Group. Employee agrees to provide this Agreement to future employers and agrees that UnitedHealth Group may contact any of Employee's future or prospective employers to inform them of Employee's obligations under this Agreement.

35.

On information and belief, Fickes breached the PIPA confidentiality agreement by disclosing and/or using Genoa's and its affiliates' confidential information, including but not limited to confidential patient-customer lists and information, as well as Genoa's and its affiliates' confidential pricing information, computer programs, and supplier and vendor lists and information.

36.

As a direct and proximate result of Fickes' breach of the PIPA confidentiality agreement, Genoa has suffered, and will continue to suffer, lost business and monetary damages in an amount to be determined at trial.

37.

Plaintiff has been required to retain counsel and commence this litigation to recover damages for breach of the PIPA. Fickes' PIPA provides for recovery of Plaintiff's attorneys' fees and costs for successfully enforcing any part of the PIPA through legal proceedings. Plaintiff will seek leave to allege the exact amount of its costs, disbursements, and reasonable attorneys' fees.

**(Count 2: Breach of Non-Solicit Agreement)**

**(Against Defendant Fickes)**

38.

Plaintiff incorporates by reference paragraphs 1 through 37 of the Complaint as though fully set forth at length by this reference.

39.

Fickes' PIPA provides, in relevant part, at paragraph 3.A.:

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

**Restrictive Covenants**

Employee agrees to the restrictive covenants in this Section in consideration of Employee's employment and UnitedHealth Group's promises in this Agreement, including providing Employee access to Confidential Information. The restrictive covenants in this Section apply during Employee's employment and for 12 months following termination of employment for any reason. Employee agrees that he/she will not, without UnitedHealth Group's prior written consent, directly or indirectly, for Employee or for any other person or entity, as agent, employee, officer, director, consultant, owner, principal, partner or shareholder, or in any other individual or representative capacity, engage in any of the following activities:

A. <u>Non-Solicitation.</u> Employee will not:

(i) Solicit or conduct business with any business competitive with UnitedHealth Group from any person or entity: (a) who was a UnitedHealth Group provider or customer within the 12 months before Employee's employment termination and with whom Employee had contact regarding UnitedHealth Group's activity, products or services, or for whom Employee provided services or supervised employees who provided those services, or about whom Employee learned Confidential Information during employment related to UnitedHealth Group's provision of products and services to such person or entity, or (b) was a prospective provider or customer UnitedHealth Group solicited within the 12 months before Employee's employment termination and with whom Employee had contact for the purposes of soliciting the person or entity to become a provider or customer of UnitedHealth Group, or supervised employees who had those contacts, or about whom Employee learned Confidential Information during employment related to UnitedHealth Group's provision of products and services to such person or entity;

. . . or,

(iv) Assist anyone in any of the activities listed above.

40.

Fickes breached the PIPA non-solicitation agreement, upon information and belief, by actively soliciting business from Genoa's current and prospective customers with whom Fickes had contact in his role as site manager at the Genoa Pharmacy during and within 12 months of

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

his employment by Plaintiff. Fickes also breached the PIPA non-solicitation agreement, on information and belief, by actively soliciting business from current and prospective customers with whom employees under Fickes' supervision provided services during and within 12 months of Fickes' employment by Genoa.

41.

As a direct and proximate result of Fickes' breach of the PIPA non-solicit agreement, Genoa suffered, and will continue to suffer, monetary damages in an amount to be determined at trial.

42.

Plaintiff has been required to retain counsel and commence this litigation to recover damages for breach of the PIPA. The PIPA that Fickes executed provides for recovery of Plaintiff's attorneys' fees and costs for successfully enforcing any part of the PIPA through legal proceedings. Plaintiff will seek leave to allege the exact amount of its costs, disbursements, and reasonable attorneys' fees.

**(Count 3: Breach of Non-Compete Agreement)**

**(Against Defendant Fickes)**

43.

Plaintiff incorporates by reference paragraphs 1 through 42 of the Complaint as though fully set forth at length by this reference.

44.

Fickes' PIPA states, in relevant part, at paragraph 3.B.:

<u>Non-Competition.</u> Employee will not:

(i) Engage in or participate in any activity that competes, directly or indirectly, with any UnitedHealth Group activity, product or service that Employee engaged in, participated in, or had Confidential Information

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

about during Employee's last 36 months of employment with UnitedHealth Group; or

(ii) Assist anyone in any of the activities listed above.

45.

Defendant Fickes breached the PIPA non-compete agreement by engaging in or participating in direct competition with Plaintiff's pharmacy services and business activity, the same services and activity in which Fickes himself had been engaged on behalf of Plaintiff, and for which Fickes had been given access to Plaintiff's confidential information.

46.

As a direct and proximate result of Fickes' breach of the PIPA non-compete agreement, Genoa suffered, and will continue to suffer, monetary damages in an amount to be determined at trial.

47.

Plaintiff has been required to retain counsel and commence this litigation to recover damages for breach of the PIPA. The PIPA that Fickes executed provides for recovery of Plaintiff's attorneys' fees and costs for successfully enforcing any part of the PIPA through legal proceedings. Plaintiff will seek leave to allege the exact amount of its costs, disbursements, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**

**(Breach of Duty of Loyalty)**

**(Against Defendant Fickes)**

48.

Plaintiff incorporates by reference paragraphs 1 through 47 of the Complaint as though fully set forth at length by this reference.

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

49.

As an agent of Plaintiff, Fickes breached his duty of loyalty by using Plaintiff's confidential and proprietary information for his own improper purposes and those of Eden.

50.

As an agent of Plaintiff entrusted with Plaintiff's confidential information, and by signing the PIPA, Fickes breached his duty of loyalty to Plaintiff, on information and belief, by his interference with Plaintiff's established customer relationships, his direct and/or indirect solicitation of Plaintiff's customers, his misappropriation of confidential customer information, and his conspiring with and/or manipulation of other Genoa employees to misappropriate confidential information for his and Eden's financial benefit and Plaintiff's detriment.

51.

As a direct and proximate result of Fickes' breach of loyalty, Genoa suffered, and will continue to suffer, monetary damages in an amount to be determined at trial.

**THIRD CLAIM FOR RELIEF**

**(Tortious Interference with Business Relationships)**

**(Against Defendants Fickes and Eden)**

52.

Plaintiff incorporates by reference paragraphs 1 through 51 of the Complaint as though fully set forth at length by this reference.

53.

Defendants intentionally and improperly interfered with Plaintiff's current and prospective business and customer relationships for an improper purpose.

///

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

54.

The interference as described herein was for an improper purpose in that, upon information and belief, Defendants' motive was to unlawfully access and use Plaintiff's confidential information to engage in direct competition with Plaintiff and cause harm to Plaintiff's operations and business relationships for Defendants' own financial benefit.

55.

As a direct and proximate consequence of the foregoing, Plaintiff has suffered and will continue to suffer substantial damages and financial losses as a result of lost business and lost profits in an amount presently unknown but to be proven at trial.

**FOURTH CLAIM FOR RELIEF**

**(Violation of the Defend Trade Secrets Act)**

**(Against Defendants Fickes and Eden)**

56.

Plaintiff incorporates by reference paragraphs 1 through 55 of the Complaint as though fully set forth at length by this reference.

57.

The federal Defend Trade Secrets Act of 2016 ("DTSA") forbids threatened and actual misappropriation of trade secrets "if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." *See* 18 U.S.C. § 1832, *et seq.*

58.

"Trade secrets" are broadly defined under the DTSA to include "all forms and types of financial, business, scientific, technical, economic or engineering information."

///

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

59.

During his employment with Genoa, Fickes had access to confidential and proprietary information that constituted Genoa's trade secrets. As described above, this included, but was not limited to, its product and marketing plans, business strategies and plans, financial and pricing information, and information regarding Genoa's business relationships, customers, and providers.

60.

This information was related to multiple products or services used in, or intended for use in, interstate commerce.

61.

This trade secret information is: (i) not known outside Genoa; (ii) known only by Genoa employees, formerly including Fickes, and others involved in the business; (iii) subject to reasonable measures to guard the secrecy of the information, including Genoa's non-disclosure agreement; (iv) valuable; and (v) difficult for others to properly acquire or independently duplicate.

62.

Fickes, and Eden by virtue of Fickes' ownership interest, knew that they had a duty, pursuant to the PIPA and Genoa's policies, to maintain the secrecy of Genoa's and its affiliates' confidential information, including trade secrets.

63.

Defendants have, and will continue to use, Genoa's and its affiliates' confidential information, including trade secrets, to directly compete with Genoa and alter Genoa's relationship with its providers and customers.

///

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

64.

Defendants have used this information without Genoa's knowledge, consent, or authorization to benefit them in a manner that has caused, and will continue to cause, irreparable harm to Genoa.

65.

Defendants' actions constitute actual and continuing misappropriation in violation of the DTSA.

66.

Defendants' actual and continuing misappropriation is knowing and willful.

67.

Unless Defendants are enjoined, Genoa will lose its competitive advantage in the business in which the companies directly compete, and has lost and could continue to lose, among other things, providers, customers, and business expectations, and goodwill, for which there is no adequate remedy at law. Accordingly, Genoa seeks injunctive relief to prevent Defendants' actual and threatened misappropriation of Genoa's and its affiliates' confidential information, including trade secrets.

68.

Additionally, in consequence of Defendants' misappropriation of Genoa's trade secrets, Genoa seeks damages, including compensatory, unjust enrichment, and punitive damages as the result of Defendants' willful and malicious conduct, along with reasonable attorneys' fees and costs, in an amount to be determined at trial.

**JURY TRIAL DEMAND**

Plaintiff demands a jury trial on all claims and issues to the extent allowed under the law.

///

///

Jackson Lewis P.C.
200 SW Market St. Ste. 540
Portland OR 97201
(503) 229-0404 | (503) 229-0405 (fax)

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests the following judgments and relief according to proof.

1. Actual, compensatory and unjust enrichment damages, as alleged, in an amount to be proven at trial, but in excess of Seventy-Five Thousand Dollars ($75,000) as to each cause of action.

2. Punitive damages in an amount to be determined at trial.

3. Reasonable costs and attorneys' fees per statute and/or contract, as alleged.

4. A permanent injunction enjoining Defendants from using or disclosing any of Genoa's or its affiliates' confidential information, including trade secrets, and

5. All such other relief as this Court may deem proper.

Dated: November 3, 2021.    JACKSON LEWIS P.C.


By: _s/ Kevin Coles_
Scott Oborne, OSB #062333
Kevin Coles, OSB #170926
Attorneys for Plaintiff

4836-3818-1628, v. 1