**Proprietary Interest Protection Agreement**

This Agreement is between Candidate ("Employee") and United HealthCare Services, Inc. (together with its affiliates referred to as "UnitedHealth Group") and is effective as of the date Employee signed it. This Agreement's purpose is to protect UnitedHealth Group's knowledge, expertise, customer relationships and Confidential Information (defined below). The consideration for this Agreement includes:

- Employee's employment or promotion, as applicable; and
- UnitedHealth Group's agreement to give Employee access to Confidential Information.

**1. UnitedHealth Group Property**

A. <u>Assignment of Property Rights.</u> Employee must promptly disclose in writing to UnitedHealth Group all inventions, discoveries, processes, procedures, methods and works of authorship, whether or not patentable or copyrightable, that Employee alone or jointly conceives, makes, discovers, writes or creates, during working hours or on Employee's own time, during this Agreement's term (the "Works"). Employee hereby assigns to UnitedHealth Group all Employee's rights, including copyrights and patent rights, to all Works. Employee must assist UnitedHealth Group as it reasonably requires to perfect, protect, and use its rights to the Works. This provision does not apply to any Work for which no UnitedHealth Group equipment, supplies, facility or trade secret information was used and: (1) which does not relate directly to UnitedHealth Group's business or actual or demonstrably anticipated research or development, or (2) which does not result from any work performed for UnitedHealth Group.

B. <u>No Removal of Property.</u> Employee agrees not to remove copies or originals (including digital, electronic, paper or other format) of any documents or other tangible items from UnitedHealth Group's premises, except in the ordinary course of conducting UnitedHealth Group's business. This paragraph does not apply to Employee's personal property.

C. <u>Return of Property.</u> Employee agrees to immediately return to UnitedHealth Group, upon employment termination, or at any other prior time at UnitedHealth Group's request, all originals and duplicates of UnitedHealth Group's documents or other property, whether prepared by UnitedHealth Group or Employee, that are in Employee's possession or under Employee's control.

**2. Confidential Information**

UnitedHealth Group will give Employee access to confidential, proprietary and trade secret information belonging to UnitedHealth Group ("Confidential Information"). Confidential Information includes, by way of example: inventions; product and marketing plans; business strategies and plans; merger and acquisition targets; financial and pricing information; computer programs, models, databases and source codes; analytical models; and customer, supplier and vendor lists and information. Employee understands that Confidential Information includes not only information contained in written or digitized form, but also information that Employee may commit to memory.

Employee agrees to keep confidential all Confidential Information, so long as such information is not generally available to the public, both during and after Employee's employment with UnitedHealth Group. Employee agrees not to disclose or use Confidential Information, either during or after Employee's employment, except as necessary for the performance of Employee's duties for UnitedHealth Group or as consented to in writing by UnitedHealth Group.

**3. Restrictive Covenants**

Employee agrees to the restrictive covenants in this Section in consideration of Employee's employment and UnitedHealth Group's promises in this Agreement, including providing Employee access to Confidential Information. The restrictive covenants in this Section apply during Employee's employment and for 12 months following termination of employment for any reason. Employee agrees that he/she will not, without UnitedHealth Group's prior written consent, directly or indirectly, for Employee or for any other person or entity, as agent, employee, officer, director, consultant, owner, principal, partner or shareholder, or in any other individual or representative capacity, engage in any of the following activities:

A. <u>Non-Solicitation.</u> Employee will not:

(i) Solicit or conduct business with any business competitive with UnitedHealth Group from any person or entity: (a) who was a UnitedHealth Group provider or customer within the 12 months before Employee's employment termination and with whom Employee had contact regarding UnitedHealth Group's activity, products or services, or for whom Employee provided services or supervised employees who provided those services, or about whom Employee learned Confidential Information during employment related to

UnitedHealth Group's provision of products and services to such person or entity, or (b) was a prospective provider or customer UnitedHealth Group solicited within the 12 months before Employee's employment termination and with whom Employee had contact for the purposes of soliciting the person or entity to become a provider or customer of UnitedHealth Group, or supervised employees who had those contacts, or about whom Employee learned Confidential Information during employment related to UnitedHealth Group's provision of products and services to such person or entity;

(ii) Raid, hire, employ, recruit or solicit any UnitedHealth Group employee or consultant who possesses Confidential Information of UnitedHealth Group to leave UnitedHealth Group to join a competitor;

(iii) Induce or influence any UnitedHealth Group employee, consultant, or provider who possesses Confidential Information of UnitedHealth Group to terminate his, her or its employment or other relationship with UnitedHealth Group; or

(iv) Assist anyone in any of the activities listed above.

**Section 3.B below is not applicable to employees who reside in California.**

B. <u>Non-Competition.</u> Employee will not:

(i) Engage in or participate in any activity that competes, directly or indirectly, with any UnitedHealth Group activity, product or service that Employee engaged in, participated in, or had Confidential Information about during Employee's last 36 months of employment with UnitedHealth Group; or

(ii) Assist anyone in any of the activities listed above.

C. Because UnitedHealth Group's business competes on a nationwide basis, the Employee's obligations under this "Restrictive Covenants" section shall apply on a nationwide basis anywhere in the United States.

D. To the extent Employee and UnitedHealth Group agree at any time to enter into separate agreements containing restrictive covenants with different or inconsistent terms than those contained herein, Employee and UnitedHealth Group acknowledge and agree that such different or inconsistent terms shall not in any way affect or have relevance to the Restrictive Covenants contained herein.

Employee agrees that the provisions of this Section 3 are reasonable and necessary to protect the legitimate interests of UnitedHealth Group.

**4. <u>Nondisparagement</u>**

Employee agrees not to do or say anything at any time to disparage the character, integrity or business of UnitedHealth Group, or its officers, directors or employees. This paragraph does not apply to any statements made during the course of legal proceedings, or in response to a court order, subpoena or inquiry by a government agency.

**5. <u>Previous and Future Employers</u>**

Employee agrees not to disclose to UnitedHealth Group, or use in Employee's employment with UnitedHealth Group, any confidential information and/or trade secrets belonging to others, including prior employers. Employee agrees that Employee is not subject to any restrictive covenants and/or obligations that would prevent Employee from performing Employee's duties with UnitedHealth Group. Employee agrees to provide this Agreement to future employers and agrees that UnitedHealth Group may contact any of Employee's future or prospective employers to inform them of Employee's obligations under this Agreement.

**6. <u>Miscellaneous</u>**

A. <u>Injunctive Relief.</u> Employee agrees that if Employee breaches this Agreement: (a) legal remedies will be inadequate; (b) UnitedHealth Group will suffer irreparable harm; and (c) UnitedHealth Group will be entitled to injunctive relief from a court pending any arbitration between the parties. If UnitedHealth Group successfully enforces any part of this Agreement through legal proceedings, Employee agrees to pay UnitedHealth Group's costs and attorneys' fees reasonably incurred in obtaining such enforcement.

B. <u>Assignment Successors.</u> Employee may not assign this Agreement. UnitedHealth Group in its sole discretion may assign this Agreement. Any UnitedHealth Group assignee or successor may enforce this Agreement. Any UnitedHealth Group successor will be deemed to be UnitedHealth Group under this Agreement.

C. <u>Amendment.</u> This Agreement may be amended only in a writing signed by the parties.

D. <u>Waivers.</u> A party's failure to exercise any right or seek any remedy under this Agreement, or delay in doing so, will not be considered a waiver.

E. <u>Severability and Modification.</u> The provisions of this Agreement are severable. If a court or arbitrator determines any of this Agreement's provisions to be unenforceable, in whole or in part, the remainder of this

Agreement will be enforceable and binding on the parties. The court or arbitrator may modify any invalid, overbroad or unenforceable term of this Agreement so that such term, as modified, is valid and enforceable under applicable law.

F. <u>Dispute Resolution and Remedies.</u> Except as provided in Section 6(A) for injunctive relief, any dispute between the parties relating to this Agreement or to Employee's employment by UnitedHealth Group will be resolved by binding arbitration under UnitedHealth Group's Employment Arbitration Policy, unless such claim is specifically excluded under the terms of that policy.

G. <u>Survival.</u> This Agreement will survive the termination of Employee's employment.

**Agreement Start Date** 07/19/2019

**DANE FICKES**

[ I have read and agree to the above ]

**Agreement Completion Date** 07/10/2019

**Thank You. Your acknowledgement has been captured. No further action is needed.**

By selecting the "I have read and agree to the above" button, you are signing this agreement electronically. you agree your electronic signature is the legal equivalent of your manual signature on this Agreement.